UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
                                            :   Civ. No. 21-cv-10429 (JGK)
JULIANNA CZERNYK,                           :
                                            :
Plaintiff/Counterclaim-Defendant,           :
                                            :
            -against-                       :
                                            :
MICHAEL BONGIOVANNI,                        :
                                            :
Defendant/Counterclaim-Plaintiff.           :
-------------------------------------------------------- x
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## MICHAEL BONGIOVANNI'S MOTION TO FILE DOCUMENT UNDER SEAL

Priya Chaudhry
Seth J. Zuckerman
Shaelyn Gambino Morrison

CHAUDHRYLAW PLLC
45 West 29th Street, Suite 303
New York, New York 10001
(212) 785-5550

Defendant Michael Bongiovanni ("Defendant"), by and through undersigned counsel, respectfully moves this Court for an order sealing the offending webpage from Crumiller P.C.'s website, attached as Exhibit E to the Declaration of Priya Chaudhry in Support of Defendant Michael Bongiovanni's Motion for Expedited Hearing and Interim Relief, at the Selected Parties level on ECF.  Defendant seeks only to file Exhibit E <u>under seal</u>, but in compliance with this Court's and Local Rules, Defendant files all accompanying documents under seal.[1]

## BACKGROUND

On November 5, 2021, Plaintiff filed the Verified Amended Complaint in the instant action.  On December 7, 2021, Defendant removed the matter to this Court.  The motion at issue arises out of a series of disparaging statements made by Plaintiff and Plaintiff's counsel about Defendant and Defendant's counsel.

On January 20, 2022, Plaintiff appeared with her attorney, Susan Crumiller, on "Bronx Talk," a local television show in the Bronx to discuss her case.  Counsel for Defendant, Priya Chaudhry, appeared on the second segment of the show and answered questions posed by the host.  During Ms. Chaudhry's interview, Ms. Crumiller interjected multiple times to call Ms. Chaudhry a liar and make claims that Ms. Chaudhry's statements about Counterclaim-Defendant's monetary demand of one-million-dollars during the pendency of the Fordham investigation were lies.

---

[1] Given Ms. Crumiller's prior actions which forced Defendant's counsel to seek atypical remedies, Defendant believes it would be pointless to meet and confer with Plaintiff's counsel. Furthermore, given Ms. Crumiller's established *modus operandi*, Defendant reasonably feared that Ms. Crumiller would retaliate with further unethical and wrongful conduct.

On January 21, 2022, in response to Ms. Crumiller's defamatory statements, counsel for Bongiovanni wrote a letter to Ms. Crumiller stating that her comments constituted actionable defamation and asking her to retract her defamatory statements.  Ms. Crumiller first responded by email demanding that Defendant's counsel identify the witnesses to the one million dollar demand.  Defendant's counsel responded with the requested information and reiterated the request for retraction of Ms. Crumiller's statements.  Ms. Crumiller responded by publicly publishing the letter from Defendant's counsel, again accusing Defendant's counsel of lying, generally mocking Defendant's counsel, and calling Defendant "a rapist" on her law firm's website, blog, and on social media.  Ms. Crumiller's post about Defendant's counsel was one in a substantial string of expletive-ridden posts disparaging other adversaries and their counsel. Plaintiff later re-posted Ms. Crumiller's post to her personal Instagram account and Ms. Crumiller and her agents re-posted the original defamatory blog post on Twitter and other platforms.

In response to this behavior, and in an effort to curb any additional damages to Defendant and his counsel, Defendant has moved this Court for a hearing inquiring into Ms. Crumiller's actions and requesting additional interim relief as Ms. Crumiller's actions violate the New York Rules of Professional Conduct.  In support of that motion, Defendant has filed a memorandum of law and the Declaration of Priya Chaudhry in Support of Defendant's Motion for Expedited Hearing and Interim Relief.  Exhibit E is a copy of the webpage from Crumiller P.C.'s website containing the offending language.  This exhibit contains precisely the harmful language that Defendant and his counsel seek to address with their motion and to file this exhibit, unsealed, to the public record would merely exacerbate the damages which they seek to remedy.

**ARGUMENT**

"[W]hen a district court ... considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Intern. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). There is undoubtedly a presumption of public access to documents on a judicial record, however documents "may be sealed if specific, on the record findings are made demonstrating closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).  In making this determination, the court balances the movant's interest in maintaining the secrecy of the documents with the public's interest in accessing the information contained in the document. *Gambale v. Deutsche Bank AG*, No. 02-cv-4791, 2003 WL 21511851, at *3 (S.D.N.Y. July 2, 2003) (citation omitted); *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)).  Good cause to file documents under seal has been found where, as here, public access to the documents or information at issue is likely to cause harm to the movant.  *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021).

Here, Defendant sees no possible benefit to the public in having access to this document. The document contains defamatory and abusive language aimed at Defendant and his counsel. The content of the document is extremely damaging to the personal and professional reputations of both Defendant and his counsel.  Thus, the harm to movant here would vastly outweigh any interest the public might have in viewing the content of the document.

**CONCLUSION**

For the aforementioned reasons, Defendant respectfully requests that this Court grant his

motion to file under seal the offending webpage from Crumiller P.C.'s website, attached as

Exhibit E to the Declaration of Priya Chaudhry in Support of Defendant Michael Bongiovanni's

Motion for Expedited Hearing and Interim Relief.

Dated:  New York, New York
         January 28, 2022

                                         Respectfully submitted,

                                         ChaudhryLaw PLLC

                                         By:    */s/ Priya Chaudhry*
                                                Priya Chaudhry
                                                Seth J. Zuckerman
                                                Shaelyn Gambino Morrison

                                                45 West 29th Street, Suite 303
                                                New York, New York 10001
                                                Tel: (212) 785-5550

                                                priya@chaudhrylaw.com
                                                szuckerman@chaudhrylaw.com
                                                shaelyn@chaudhrylaw.com

                                                *Attorneys for Defendant*
                                                *Michael Bongiovanni*

## **CERTIFICATE OF SERVICE**

I certify that on January 28, 2022, I electronically served this Memorandum of Law in Support of Defendant Michael Bongiovanni's Motion to File Document Under Seal *via* ECF on the following:

Susan Crumiller
Hilary Orzick
Crumiller P.C.
16 Court Street, Suite 2500
Brooklyn, New York 11241

*/s/ Priya Chaudhry*
Priya Chaudhry

## **ATTORNEY CERTIFICATION**

I, Priya Chaudhry, hereby certify that this Memorandum of Law has a word count of 890, exclusive of Tables of Contents and Authorities, and that I have complied with the formatting rules detailed in the Individual Practices of John G. Koeltl.

*/s/ Priya Chaudhry*
Priya Chaudhry