UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

|  |  |
|---|---|
| | :    Civ. No. 21-cv-10429 (JGK) |
| JULIANNA CZERNYK, | : |
| | : |
| Plaintiff/Counterclaim-Defendant, | : |
| | : |
| -against- | : |
| | : |
| MICHAEL BONGIOVANNI, | : |
| | : |
| Defendant/Counterclaim-Plaintiff. | : |

------------------------------------------------------------ x

## DECLARATION OF PRIYA CHAUDHRY
## IN SUPPORT OF DEFENDANT MICHAEL BONGIOVANNI'S MOTION FOR AN
## EXPEDITED HEARING AND INTERIM RELIEF

I, Priya Chaudhry, pursuant to 28 U.S.C. § 1746, under penalty of perjury declare as follows:

1.    I am a partner at the law firm ChaudhryLaw PLLC and am counsel for Defendant/Counterclaim-Plaintiff Michael Bongiovanni ("Bongiovanni") in the above-captioned matter.

2.    I have practiced law since graduating Northwestern University School of Law in 2000 and have represented hundreds of clients in courts across the nation. I have appeared in over 100 federal matters.

3.    I have never filed—or even threatened to file—an ethical complaint against an adversary, or any attorney.

4.    I have never sought to disqualify another attorney from representation in any matter.

5.    No one has ever filed a disciplinary complaint against me to my knowledge.

6.    I have never filed this type of motion in any matter.

7.      Upon information and belief, Bongiovanni was represented by two prior counsel in connection with the Fordham University investigation into sexual assault allegations made by Julianna Czernyk; Patrick Parrotta, Esq. represented Bongiovanni from March 2021 until July 2021, and then Cadwalader, Wickersham & Taft LLP ("CWT") took over the representation.

8.      I have reviewed a letter dated September 3, 2021, from Dean Christopher Rodgers of Fordham University to Bongiovanni which sets forth the outcome of the Fordham investigation and hearing ("the Outcome Letter"). In pertinent part, that letter states that (a) there is insufficient evidence to support Plaintiff's allegations of sexual assault against Bongiovanni and therefore (b) all charges pending at Fordham against Bongiovanni have been dropped. A true and correct copy of the Outcome Letter is attached as Exhibit B.

9.      I have reviewed a letter dated September 23, 2021, from Dean Christopher Rodgers of Fordham University to Bongiovanni which sets forth the outcome of Plaintiff's appeal of the Fordham investigation outcome ("the Appeal Outcome Letter").  In pertinent part, that letter states that upon full consideration of Plaintiff's appeal of the outcome in favor of Bongiovanni, Fordham's Student Conduct Review Council unanimously denied Plaintiff's appeal. A true and correct copy of the Appeal Outcome Letter is attached as Exhibit C.

10.      On November 5, 2021, Plaintiff filed the instant lawsuit against Bongiovanni in Supreme Court of the State of New York, Bronx County.

11.      In December 2021, Bongiovanni engaged my firm to represent him in connection with the instant lawsuit; on December 7, 2021, my firm removed Plaintiff's lawsuit to this Court. I am lead counsel on this matter.

12.     Following my engagement, I contacted both prior counsel for Bongiovanni in order to familiarize myself with the history and facts of Bongiovanni's matter. I also obtained and reviewed case files, attorney notes, and other relevant documents from both prior counsel.

13.     On January 18, 2022, at 1:00 p.m., my partner, Seth Zuckerman, and I had a phone call with Mr. Parrotta to discuss his representation of Bongiovanni. During that conversation, among other things, Mr. Parrotta told us that on June 10, 2021, during the pendency of the Fordham investigation and before Plaintiff had filed a lawsuit against Bongiovanni, Plaintiff's then-counsel, Kelner & Kelner, contacted him. Mr. Parrotta read from his contemporaneous notes of that call and explained that Kelner & Kelner demanded that Bongiovanni pay one-million dollars to Plaintiff and in exchange, Plaintiff would drop the Fordham investigation. On that call, Mr. Parrotta also told us that on July 8, 2021, he received a draft complaint and demand letter from Kelner & Kelner. Following our call, Mr. Parrotta sent us the demand letter and draft complaint from Kelner & Kelner; I reviewed these documents.

14.     On numerous occasions between November 2021 and January 19, 2022, I had phone calls with Ellen Holloman, Esq., a partner at CWT who previously represented Bongiovanni. Ms. Holloman informed me that Kelner & Kelner contacted her and Nick Gravante, another CWT partner who represented Bongiovanni, on multiple occasions during the pendency of the Fordham investigation and demanded that Bongiovanni pay Plaintiff one-million dollars in exchange for Plaintiff making the Fordham case "go away." Ms. Holloman provided her contemporaneous notes of those demand conversations; I reviewed her notes.

15.     On January 11, 2022, my firm received an email from Gary Axelbank, host of the show "BronxTalk" which airs on BronxNet Television.  Mr. Axelbank informed us that on January 20, 2022, Plaintiff and her counsel were going to appear on "BronxTalk" to discuss

Plaintiff's allegations against Bongiovanni. Mr. Axelbank invited Bongiovanni and me to appear on the show in order to present Bongiovanni's side of the matter.

16.     On January 20, 2022, *via* videoconference, I appeared for a taping of the show "BronxTalk." Bongiovanni did not appear. The show was taped in three segments. Plaintiff and Susan Crumiller, counsel for Plaintiff, appeared in the first segment. Ms. Crumiller and I appeared together in the second segment. A New York State Senator appeared in the third segment.

17.     During my segment, based on my discussions with prior counsel and review of their case files and notes, among other things, I stated that Plaintiff made a one-million-dollar demand of Bongiovanni during the pendency of the Fordham investigation. I also stated that Fordham exonerated Bongiovanni after its 6-month investigation of Plaintiff's allegations.

18.     In the middle of my statement, while the show was taping, Ms. Crumiller interrupted me and accused me of lying multiple times. Among other things, she stated that the one-million-dollar demand and the Fordham exoneration were lies.

19.     On January 21, 2022, Mr. Zuckerman of my firm emailed a letter to Ms. Crumiller ("Defamation Notice") informing her of the defamatory nature of her statements on the program and demanding a retraction. A true and correct copy of that letter is attached as Exhibit D.

20.     On January 21, 2022, in response to our Defamation Notice, Ms. Crumiller emailed and asked for the witnesses and dates of the one-million-dollar demand. On that same date, Mr. Zuckerman replied and provided the witnesses and dates. A true and correct copy of the January 21, 2022, email exchange between Mr. Zuckerman and Ms. Crumiller is attached as Exhibit E.

21.     Ms. Crumiller never issued a retraction despite being presented with the evidence that proved her statements were demonstrably false.

22.     On January 24, 2022, I learned from Ms. Holloman that Ms. Crumiller had posted a blog on her law firm's website about Bongiovanni and me ("the defamatory blog"). Ms. Crumiller's blog repeats her defamatory statements about me, adds more defamatory statements about Bongiovanni and me, personally attacks me, and derisively mocks me by using outrageous, abusive, and foul language. Specifically, the defamatory blog refers to me as a liar and calls Bongiovanni a rapist.  A true and correct copy of Ms. Crumiller's blog is attached as Exhibit F.

23.     Ms. Crumiller's blog is styled as a "Wall of Shame," which consists of her extremely personal and disparaging statements about some of her other opposing counsel; most of these posts contain foul, outrageous, and abusive language.

24.     On January 24, 2022, Ms. Holloman informed me that CWT will pursue filing an attorney disciplinary/ethics complaint against Ms. Crumiller in the Second Department for Ms. Crumiller's conduct and defamatory blog.

25.     Plaintiff has circulated a portion of, and the link to, the defamatory blog on at least one occasion on Instagram. A true a correct copy of Plaintiff's Instagram post with a link to the defamatory blog is attached as Exhibit G.

26.     Ms. Crumiller posted our Defamation Notice on her Twitter account, calling it "idiotic and unethical." A true and correct copy of Ms. Crumiller's Twitter post is attached as Exhibit H.

27.     Carrie Goldberg, P.C., has informed my firm that it has agreed to represent Ms. Crumiller in connection with her defamatory blog.

28.     Goldberg has circulated Crumiller's Twitter post regarding our Defamation

Notice. A true and correct copy of Goldberg's Twitter post quote-tweeting Crumiller's Twitter

post is attached as Exhibit I.

29.     The conduct of Mss. Crumiller and Goldberg is shocking to me as I have never in

my career seen such conduct defaming other attorneys.

30.     As of the date of this declaration, the defamatory blog is still posted on

Ms. Crumiller's law firm's webpage.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       January 28, 2022

By: _____
        *Priya Chaudhry*