

# CRUMILLER P.C.

> Plaintiff's request to extend the discovery deadline is GRANTED. Fact discovery shall be complete no later than **June 8, 2023**.
>
> Plaintiff's request for the Court's *in camera* review of emails related to discovery is GRANTED. Documents to be produced via email at WillisNYSDChambers@nysd.uscourts.gov by **May 31, 2023**. Defendant may submit letter in opposition to Plaintiff's request for production by **May 31, 2023**. SO ORDERED.
>
> *Jennifer E. Willis*
> _____
> Jennifer E. Willis United States Magistrate Judge
> May 8, 2023

May 5, 2023

*Via ECF*
Jennifer E. Willis, U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      RE:    *Czernyk v. Bongiovanni*, Case No. 21-CV-10429 (JGK)

Dear Judge Willis,

      This firm represents Plaintiff/Counter-defendant Julianna Czernyk in the above-referenced matter. We write to respectfully request the Court's *in camera* review of five documents. These communications consist of (1) emails between Defendant and his cousin, Bianca Cacace, a recent law school graduate, and (2) an email between Defendant and Andrew Bourke, a communications director employed by Defendant's prior counsel, the Chaudhry law firm. Defendant claims these are attorney-client privileged communications. Plaintiff disagrees. Therefore, Plaintiff respectfully requests the Court review these communications *in camera*.

      In addition, Plaintiff, with Defendant's consent, respectfully requests an extension of time for the end of discovery for the limited purpose of the Defendant's production of Ms. Holloman's notes, Defendant's phone records over the relevant time period, Defendant's reproduction of text messages to a higher quality form, Defendant's production of documents pertaining to the Independent Medical Examination of Plaintiff, and Plaintiff's production of Plaintiff's phone records.

## I.   <u>In Camera Review</u>

      Requiring an in camera submission of materials that one party contends are privileged is "a practice both long-standing and routine in cases involving claims of privilege." *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 184 (2d. Cir. 2007). In order to ascertain the predominant purpose of the communications, the Court must view the documents in their entirety. In *United States v. Zolin*, the Supreme Court held that a district court "may engage in *in camera* review at the request of the party opposing the privilege" if that party has "present[ed] evidence sufficient to support a reasonable belief that *in camera* review may yield evidence that establishes the exception's applicability." *United States v. Zolin*, 491 U.S. 554, 574-575 (1989). Therefore, the Plaintiff respectfully requests this Court's review of the communications at issue.

### A. Communications between Defendant and Bianca Cacace

Defendant claims that the attorney-client privilege applies to an email between himself and his cousin, Bianca Cacace. Plaintiff has a good faith basis to suspect that Defendant's communications with Ms. Cacace are not protected by attorney-client privilege.

"[In] diversity cases such as this, where state law governs the claims, the Court looks to state law for determining privilege." *Kleeberg v. Eber*, No. 16 Civ 9517 (LAK) (KHP) 2019 WL 2085412, at *6 (S.D.N.Y. May 13, 2019). "The elements of the attorney-client privilege under New York law are the existence of an attorney-client relationship, a communication made within the context of that relationship for the purpose of obtaining legal advice, and the intended and actual confidentiality of that communication." *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 264 (S.D.N.Y. 1995). The privilege is narrowly construed, however, because it renders relevant information undiscoverable. *Fisher v. United States*, 425 U.S. 391, 403 (1976).

The party asserting the privilege bears the burden of establishing each element through competent evidence." *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, No. 18 Civ. 4437 (JGK) (BCM), 2020 WL 757840, at *3 (S.D.N.Y. Feb. 14, 2020).[1]

Here, there are several factors indicating that Defendant's communications with Ms. Cacace are not for the purpose of seeking legal advice. First, Defendant's communications with his attorney-cousin took place on March 18, 2021, February 11, 2022, March 6, 2022, and April 1, 2022, during which time Defendant was represented by the Chaudhry law firm. It strains credulity that Defendant would go outside his retained counsel to contact his newly admitted cousin for legal advice. Second, Ms. Cacace was a very recent graduate of law school and was employed by a personal injury law firm, Subin.[2] Moreover, Subin's website states that it represents "victims of serious injuries"[3] in the following practice areas: construction accidents, motor vehicle accidents, premises accidents, wrongful death, police brutality, trucking accidents, and workers' compensation.[4] Defendant is accused of rape and is countersuing for intentional infliction of emotional distress, and his circumstances do not fall under the purview of Ms. Cacace's firm's practice areas. Finally, Ms. Cacace was not even admitted into this Court (Southern District of New York) at the time these communications took place. *Id.* (stating Ms. Cacace was admitted to the U.S. District Court for the Southern District of New York in 2022). These facts all raise concerns that the communications were not actually for the purpose of seeking legal advice. Therefore, Plaintiff requests an *in camera* review to determine whether these communications were indeed for the purpose of seeking legal advice. In the event the Court determines they are not, the Court should order Defendant to produce them.

---

[1] *See also Ambac Assur. Co v. Countrywide Home Loans, Inc.*, 27 N.Y.3d 616, 623 (N.Y. 2016) ("[t]he party asserting the privilege bears the burden of establishing its entitlement to protection by showing that the communication at issue was between an attorney and a client for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship, that the communication is predominantly of a legal character, that the communication was confidential and that the privilege was not waived.") (internal citations omitted).
[2] https://www.subinlaw.com/attorney/cacace-bianca-esq/ (last accessed May 5, 2023)
[3] https://www.subinlaw.com/personal-injury/ (last accessed May 5, 2023)
[4] https://www.subinlaw.com/ (last accessed May 5, 2023)

### B. Communications between Defendant and Andrew Bourke

Defendant also claims attorney-client privilege for communications between himself and Andrew Bourke, a communications director employed by the Chaudhry law firm at the time of their representation of Defendant. Notably, these communications were made only between these two individuals and no attorney was copied.

The attorney-client privilege doctrine has been held to protect work performed by those "enlisted by legal counsel to perform investigative or analytical tasks to aid counsel in preparation for litigation." *Costabile v. Westchester, New York*, 254 F.R.D. 160, 164 (S.D.N.Y.2008) (holding that a report prepared by a private investigator retained by counsel, in anticipation of litigation, was protected by the work-product doctrine). *See also Sec. & Exch. Comm'n v. Strauss*, No. 09 Civ. 4150 (RMB) (HBP), 2009 WL 3459204, at *6 (S.D.N.Y. Oct. 28, 2009) (holding that interview notes prepared by non-attorney SEC employees acting at direction of attorneys were privileged work product).

The critical inquiry is whether the communication to the person assisting the lawyer was made in confidence and for the purpose of obtaining legal advice. *See McNamee v. Clemens*, No. 9 Civ. 1647 (SJ) (CLP) 2014 WL 6606661 at *2 (E.D.N.Y. 2014). "The communication itself must be primarily or predominantly of a legal character." *Allied Irish Banks v. Bank of Am., N.A.*, 240 F.R.D. 96, 103 (S.D.N.Y. 2007). "Case law makes clear however that a media campaign is not a litigation strategy." *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 431 (S.D.N.Y. 2013); *see also Haugh v. Schroder Inv. Mgmt. N. Am. Inc.*, No. 2 Civ. 7955 (DLC) 2003 WL 21998674, at *3 (S.D.N.Y. Aug. 25, 2003) ("Some attorneys may feel it is desirable at times to conduct a media campaign, but that does not transform their coordination of a campaign into legal advice.").

Here, it is unclear whether the email between Defendant and Bourke is seeking legal advice or some other purpose such as marketing or public relations. Therefore, Plaintiff requests that the Court conduct an *in camera* review to make such a determination. In the event the Court determines this communication is not privileged, Defendant should be ordered to produce it.

### II. Plaintiff Moves for an Extension of Time for the Production of Limited Discovery

Plaintiff, with Defendant's consent, additionally requests an extension of time for the conclusion of discovery. This request is only for the limited purpose of producing Defendant's production of Ms. Holloman's notes, Defendant's phone records over the relevant time period, Defendant's reproduction of text messages to a higher quality form, Defendant's production of documents pertaining to the Independent Medical Examination of Plaintiff, and Plaintiff's production of Plaintiff's phone records.

Respectfully Submitted,

Hilary J. Orzick