UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JULIANNA CZERNYK,

                          Plaintiff,                      **ORDER**

          -against-                      **21-cv-10429 (JGK) (JW)**

MICHAEL BONGIOVANNI,

                          Defendant.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On May 8, 2023, the Court granted Plaintiff's request for *in-camera* review of certain communications that Defendant claimed were subject to attorney-client privilege. Dkt. No. 56. Specifically, Plaintiff requested the Court's review of emails between (i) the Defendant and his cousin, Bianca Cacace, a recent law school graduate and (ii) the Defendant and Andrew Bourke, a communications director employed by Defendant's prior counsel. Dkt. No. 55. The Court gave the Defendant the opportunity to write to oppose the request. Dkt. No. 56. The Court, having reviewed the email communications provided by the Defendant, finds that the email communications between the Defendant and Bianca Cacace are not privileged and the communications between Defendant and Andrew Bourke are not privileged. In the submission of documents for *in-camera* review, the Defendant included email communications between the Defendant and Andrew Bourke with attorneys copied. However, Plaintiff does not request communications with attorneys copied, Dkt. No. 55 at 3, so the Court makes no determination with respect to those communications.

## LEGAL STANDARD

In diversity suits where state law governs the claims, the Court looks to state law when determining privilege. See Kleeberg v. Eber, No. 16 Civ 9517 (LAK) (KHP) 2019 WL 2085412, at 6 (S.D.N.Y. May 13, 2019). "The elements of the attorney-client privilege under New York law are the existence of an attorney-client relationship, a communication made within the context of that relationship for the purpose of obtaining legal advice, and the intended and actual confidentiality of that communication." Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 264 (S.D.N.Y. 1995). "The attorney-client privilege generally applies only to communications with attorneys who are licensed to practice law." Anwar v Fairfield Greenwich Ltd., 306 FRD 117 (S.D.N.Y. 2013), aff'd, 982 F Supp 2d 260 (S.D.N.Y. 2013). The communications themselves must be "primarily or predominately of legal character" to be covered by attorney-client privilege. See Rossi v Blue Cross and Blue Shield of Greater New York, 73 N.Y.2d 588, 594 (N.Y. 1989). "The party asserting the privilege bears the burden of establishing each element through competent evidence." Charlestown Cap. Advisors, LLC v. Acero Junction, Inc., No. 18 Civ. 4437 (JGK) (BCM), 2020 WL 757840, at *3 (S.D.N.Y. Feb. 14, 2020).

## DISCUSSION

The emails between Defendant and Ms. Cacace predominantly reflect that a series of Word Document attachments were exchanged. Of note, the actual attachments were not provided to the Court for review and do not appear to have been preserved. As a threshold issue, Defendant has provided no evidence that an

attorney-client relationship existed between Defendant and Ms. Cacace.  The emails provide no context for the communications and there are no specific statements or questions from Defendant that would indicate that he consulted with Ms. Cacace in her capacity as a lawyer.  In contrast, Plaintiff provides evidence that Defendant was not likely engage Ms. Cacace for legal advice because Defendant had retained counsel at the time, Ms. Cacace was a newly admitted lawyer and worked in an unrelated field, and lastly Ms. Cacace was not licensed or admitted to practice before this Court at the time of the correspondence.  Dkt. No. 55 at 2.[1]

Second, the Defendant has not provided evidence to suggest that the communications with Ms. Cacace were for the purpose of receiving or providing legal advice.  Again, there is no context available to determine what prompted the exchange of emails.  The attachment titles themselves are broad categories such as "demand letter" and "criminal memo."  The one detailed email reads like a law school exam regarding a New Hampshire state statute.

An assertion of attorney-client privilege requires ***factual support*** of each element.  von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 146 (2d Cir. 1987) (emphasis added).  Apart from providing the emails themselves, the Defendant has offered no evidence that the email communications were for the purpose of obtaining

---

[1] While attorney-client relationship typically requires that an attorney be licensed, it does not specifically require that the attorney be admitted before the court where the party is asserting privilege.  The Court considered Ms. Cacace's lack of admittance to this Court at the time of the correspondence, but it is not dispositive.

legal advice from Ms. Cacace.² Without further context and support, the Court does not conclude that the emails including attachments with broad legal titles were for the purpose of transacting legal advice. While the email regarding the New Hampshire state statute asks for a legal analysis, without further assertion that the questions were posed by the Defendant to Ms. Cacace for the purpose of receiving legal advice, the Court does not make that finding. The Defendant has not met his burden of showing that an attorney-client relationship existed, and the communications were for the purpose of obtaining legal advice. Therefore, the Court finds that the communications between the Defendant and Ms. Cacace are not privileged.

The email communications exclusively between Defendant and Andrew Bourke seem to focus on media and scheduling. While Andrew Bourke was not an attorney for the Defendant, the attorney-client privilege extends to work "enlisted by legal counsel . . . to aid counsel in preparation for litigation." Costabile v. Westchester, New York, 254 F.R.D. 160, 164 (S.D.N.Y. 2008). As Plaintiff notes, "[c]ase law makes clear that 'a media campaign is not a litigation strategy.'" Egiazaryan v. Zalmayev, 290 F.R.D. 421, 431 (S.D.N.Y. 2013) (quoting Haugh v. Schroder Inv. Mgmt. N. Am. Inc., No. 02 CIV.7955 (DLC), 2003 WL 21998674, at *3 (S.D.N.Y. Aug. 25, 2003). In Haugh, the Court considered whether communications with a public relations consultant who was also a lawyer were covered by privilege.

---

² The Court notes that Defendant did not take the opportunity to file an opposition, which might have provided this context. See Dkt. No. 56.

Id. at 1. The Court found that because the claimant failed to show that communications were made for the purpose of obtaining legal advice (as opposed to public relations advice) privilege did not apply. Id. at 3. Similarly, here the Defendant has failed to show that the communications were for the purpose of obtaining legal advice, rather than media advice. While the email communications between Mr. Bourke and Defendant involve comments on an article seemingly related to the legal case, the emails suggest that the media discussions and the legal discussions were separate. Defendant has not met his burden of establishing that the communications were in preparation for litigation or for the purpose of obtaining or rendering legal advice. Therefore, the Court finds that the communications exclusively between Defendant and Andrew Bourke are not subject to privilege.

Defendant is hereby ordered to turn over the communications that the Court has not deemed subject to privilege.

SO ORDERED.

DATED:   New York, New York
         June 15, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge